UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| EUGENE KORTE,<br><br>    Plaintiff,<br><br>    v.<br><br>THE UNITED STATES OF AMERICA, et al.,<br><br>    Defendants. | No. 2:15-cv-1398 KJM DAD PS<br><br>ORDER AND<br><br><u>FINDINGS AND RECOMMENDATIONS</u> |

    Plaintiff Eugene Korte is proceeding in this action pro se. This matter was referred to the undersigned in accordance with Local Rule 302(c)(21) and 28 U.S.C. § 636(b)(1). Plaintiff has requested leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915.

    Plaintiff's in forma pauperis application makes the showing required by 28 U.S.C. § 1915(a)(1). However, a determination that a plaintiff qualifies financially for in forma pauperis status does not complete the inquiry required by the statute. "'A district court may deny leave to proceed in forma pauperis at the outset if it appears from the face of the proposed complaint that the action is frivolous or without merit.'" <u>Minetti v. Port of Seattle</u>, 152 F.3d 1113, 1115 (9th Cir. 1998) (quoting <u>Tripati v. First Nat. Bank & Trust</u>, 821 F.2d 1368, 1370 (9th Cir. 1987)). <u>See also</u> <u>Smart v. Heinze</u>, 347 F.2d 114, 116 (9th Cir. 1965) ("It is the duty of the District Court to examine any application for leave to proceed in forma pauperis to determine whether the

1

proposed proceeding has merit and if it appears that the proceeding is without merit, the court is bound to deny a motion seeking leave to proceed in forma pauperis.").

Moreover, the court must dismiss an in forma pauperis case at any time if the allegation of poverty is found to be untrue or if it is determined that the action is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against an immune defendant. See 28 U.S.C. § 1915(e)(2). A complaint is legally frivolous when it lacks an arguable basis in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984). Under this standard, a court must dismiss a complaint as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. Neitzke, 490 U.S. at 327; 28 U.S.C. § 1915(e).

To state a claim on which relief may be granted, the plaintiff must allege "enough facts to state a claim to relief that is plausible on its face." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007). In considering whether a complaint states a cognizable claim, the court accepts as true the material allegations in the complaint and construes the allegations in the light most favorable to the plaintiff. Hishon v. King & Spalding, 467 U.S. 69, 73 (1984); Hosp. Bldg. Co. v. Trustees of Rex Hosp., 425 U.S. 738, 740 (1976); Love v. United States, 915 F.2d 1242, 1245 (9th Cir. 1989). Pro se pleadings are held to a less stringent standard than those drafted by lawyers. Haines v. Kerner, 404 U.S. 519, 520 (1972). However, the court need not accept as true conclusory allegations, unreasonable inferences, or unwarranted deductions of fact. Western Mining Council v. Watt, 643 F.2d 618, 624 (9th Cir. 1981).

The minimum requirements for a civil complaint in federal court are as follows:

> A pleading which sets forth a claim for relief . . . shall contain (1) a short and plain statement of the grounds upon which the court's jurisdiction depends . . . , (2) a short and plain statement of the claim showing that the pleader is entitled to relief, and (3) a demand for judgment for the relief the pleader seeks.

FED. R. CIV. P. 8(a).

Here, plaintiff's complaint fails to contain a short and plain statement of a claim showing that plaintiff is entitled to relief. In this regard, plaintiff's complaint and attached exhibits consists of 246 pages of vague and conclusory allegations without any supporting factual

1  allegations.  The defendants named in the complaint include, but are not limited to, the United
2  States of America, the State of California, the County of Solano, Discover Bank, the County of
3  San Francisco, Comcast and AT&T.  In his complaint plaintiff sets forth a series of
4  "QUESTIONS PRESENTED," including "[w]ether the refusal of state and federal law
5  enforcement agencies to protect the people according to their mandates constitutes
6  discrimination," and "[w]hether the 'unwritten' rule that pro se persons are sport, even if the law
7  is on their side, and are to be ruled against at all costs violated non-attorney Pro Se litigant's First
8  Amendment Right to Petition the Government."  (Compl. (Dkt. No. 1) at 6-7.)

9       In the complaint plaintiff then alleges multiple causes of action including, violation of the
10  Fair Debt Collection Practices Act, 15 U.S.C. § 1692 and breach of contract.  Those causes of
11  action, however, are asserted without any reference to any facts.  For example, the complaint does
12  not identify the actions of any defendant, any dates or any locations.  Moreover, the complaint
13  does not even identify which causes of action are asserted against which defendants.

14       Although the Federal Rules of Civil Procedure adopt a flexible pleading policy, a
15  complaint must give the defendant fair notice of the plaintiff's claims and must allege facts that
16  state the elements of each claim plainly and succinctly.  FED. R. CIV. P. 8(a)(2); Jones v.
17  Community Redev. Agency, 733 F.2d 646, 649 (9th Cir. 1984).  "A pleading that offers 'labels
18  and conclusions' or 'a formulaic recitation of the elements of cause of action will not do.'  Nor
19  does a complaint suffice if it tenders 'naked assertions' devoid of 'further factual
20  enhancements.'"  Ashcroft v. Iqbal, 556 U.S.662, 678 (2009) (quoting Twombly, 550 U.S. at 555,
21  557.  A plaintiff must allege with at least some degree of particularity overt acts which the
22  defendants engaged in that support the plaintiff's claims.  Jones, 733 F.2d at 649.

23       The complaint also alleges that "[a]fter plaintiff removed Solano County Superior Court
24  Case Numbers FCM127349 and FCM127720 to District Court because of Fraud . . . the 'torture'
25  escalated to intolerable levels in the Superior Court of Solano County, the District Court in
26  Sacramento, the Ninth Circuit Court of Appeals in San Francisco, and the United States Supreme
27  Court in Washington, D.C."  (Compl. (Dkt. No. 1) at 20.)  In the regard, in his complaint plaintiff
28  /////

3

asks that this court "Reverse/Review the lower court's decision in Solano County Case Nos. FCM136014 and FCM127349." (Id. at 22.)

Under the Rooker-Feldman doctrine a federal district court is precluded from hearing "cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments." Exxon Mobil Corp. v. Saudi Basic Indus. Corp., 544 U.S. 280, 284 (2005). The Rooker-Feldman doctrine applies not only to final state court orders and judgments, but to interlocutory orders and non-final judgments issued by a state court as well. Doe & Assoc. Law Offices v. Napolitano, 252 F.3d 1026, 1030 (9th Cir. 2001); Worldwide Church of God v. McNair, 805 F.2d 888, 893 n. 3 (9th Cir. 1986).

The Rooker-Feldman doctrine prohibits "a direct appeal from the final judgment of a state court," Noel v. Hall, 341 F.3d 1148, 1158 (9th Cir. 2003), and "may also apply where the parties do not directly contest the merits of a state court decision, as the doctrine prohibits a federal district court from exercising subject matter jurisdiction over a suit that is a de facto appeal from a state court judgment." Reusser v. Wachovia Bank, N.A., 525 F.3d 855, 859 (9th Cir. 2008) (internal quotation marks omitted). "A suit brought in federal district court is a 'de facto appeal' forbidden by Rooker-Feldman when 'a federal plaintiff asserts as a legal wrong an allegedly erroneous decision by a state court, and seeks relief from a state court judgment based on that decision.'" Carmona v. Carmona, 603 F.3d 1041, 1050 (9th Cir. 2010) (quoting Noel, 341 F.3d at 1164). See also Doe v. Mann, 415 F.3d 1038, 1041 (9th Cir. 2005) ("[T]he Rooker-Feldman doctrine bars federal courts from exercising subject-matter jurisdiction over a proceeding in 'which a party losing in state court' seeks 'what in substance would be appellate review of the state judgment in a United States district court, based on the losing party's claim that the state judgment itself violates the loser's federal rights.'") (quoting Johnson v. De Grandy, 512 U.S. 997, 1005-06 (1994), cert. denied 547 U .S. 1111 (2006)). "Thus, even if a plaintiff seeks relief from a state court judgment, such a suit is a forbidden de facto appeal only if the plaintiff also alleges a legal error by the state court." Bell v. City of Boise, 709 F.3d 890, 897 (9th Cir. 2013).
/////

> [A] federal district court dealing with a suit that is, in part, a forbidden de facto appeal from a judicial decision of a state court must refuse to hear the forbidden appeal. As part of that refusal, it must also refuse to decide any issue raised in the suit that is 'inextricably intertwined' with an issue resolved by the state court in its judicial decision.

Doe, 415 F.3d at 1043 (quoting Noel, 341 F.3d at 1158). See also Exxon, 544 U.S. at 286 n. 1 ("a district court [cannot] entertain constitutional claims attacking a state-court judgment, even if the state court had not passed directly on those claims, when the constitutional attack [is] 'inextricably intertwined' with the state court's judgment") (citing Feldman, 460 U.S. at 482 n. 16)); Bianchi v. Rylaarsdam, 334 F.3d 895, 898, 900 n. 4 (9th Cir. 2003) ("claims raised in the federal court action are 'inextricably intertwined' with the state court's decision such that the adjudication of the federal claims would undercut the state ruling or require the district court to interpret the application of state laws or procedural rules") (citing Feldman, 460 U.S. at 483 n. 16, 485).  Here, the Rooker-Feldman doctrine precludes this federal district from hearing plaintiff's federal action

Accordingly, for the reasons set forth above, plaintiff's complaint should be dismissed.

## LEAVE TO AMEND

The undersigned has carefully considered whether plaintiff may amend his pleading to state a meritorious claim over which the court would have subject matter jurisdiction. "Valid reasons for denying leave to amend include undue delay, bad faith, prejudice, and futility." California Architectural Bldg. Prod. v. Franciscan Ceramics, 818 F.2d 1466, 1472 (9th Cir. 1988). See also Klamath-Lake Pharm. Ass'n v. Klamath Med. Serv. Bureau, 701 F.2d 1276, 1293 (9th Cir. 1983) (holding that while leave to amend shall be freely given, the court does not have to allow futile amendments). In light of the deficiencies noted above, and the nature of plaintiff's allegations, the undersigned finds that it would be futile to grant plaintiff leave to amend in this case.

## APPOINTMENT OF COUNSEL

On July 1, 2015, plaintiff filed a motion seeking the appointment of counsel. (Dkt. No. 3.) Plaintiff is informed that federal district courts lack authority to require counsel to represent

indigent plaintiffs in civil cases. See Mallard v. United States Dist. Court, 490 U.S. 296, 298 (1989). The court may request the voluntary assistance of counsel under the federal in forma pauperis statute, but only under exceptional circumstances. See 28 U.S.C. § 1915(e)(1); Terrell v. Brewer, 935 F.2d 1015, 1017 (9th Cir. 1991); Wood v. Housewright, 900 F.2d 1332, 1335-36 (9th Cir. 1990). The test for exceptional circumstances requires the court to evaluate the plaintiff's likelihood of success on the merits and the plaintiff's ability to articulate his or her claims. See Wilborn v. Escalderon, 789 F.2d 1328, 1331 (9th Cir. 1986); Weygandt v. Look, 718 F.2d 952, 954 (9th Cir. 1983).

Here, because plaintiff's complaint is being dismissed, the undersigned cannot find that plaintiff is likely to succeed on the merits. Accordingly, IT IS HEREBY ORDERED that plaintiff's July 1, 2015 motion for the appointment of counsel (Dkt. No. 3) is denied.

Also, IT IS HEREBY RECOMMENDED that:

1. Plaintiff's July 1, 2015 application to proceed in forma pauperis (Dkt. No. 2) be denied;

2. Plaintiff's July 1, 2015 complaint (Dkt. No. 1) be dismissed without leave to amend; and

3. This action be dismissed.

These findings and recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(1). Within fourteen (14) days after being served with these findings and recommendations, plaintiff may file written objections with the court. A document containing objections should be titled "Objections to Magistrate Judge's Findings and Recommendations." Plaintiff is advised that failure to file objections within the specified time may, under certain circumstances, waive the right to appeal the District Court's order. See Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

Dated: October 8, 2015

_____
DALE A. DROZD
UNITED STATES MAGISTRATE JUDGE

DAD:6
Ddad1\orders.pro se\korte1398.dism.lta.ord.doc